### ROBERT MARINER v. SARAH KERSHAW.

Court of Chancery. In Vacation. August 2, 1820.

*Ridgely's Notebook III, 176.*

THE CHANCELLOR wrote the following letter to *Thomas Cooper,* Esquire, counsel for the complainant.

Dover, August 4, 1820.

Dear Sir,

I do not perceive in the bill sent to me by Robert Mariner against Sally Kershaw, any deficiency of title in Mitchell Kershaw, in his lifetime and at the time of his death, to the Negro Jacob mentioned in the said bill. It is stated that, in an action of replevin brought by Sally Kershaw against Charles Vaughan for other Negroes mentioned in the deed of manumission [made by Mitchell Kershaw, November 23, 1816], a judgment was rendered in his favour; but I cannot imagine that a judgment must necessarily be recovered by Vaughan, in the action of replevin against Mariner, because in such an action, respecting other Negroes mentioned in the deed of manumission, a judgment was rendered in favour of Vaughan. One is not a necessary consequence of the other. Though they are all contained in the same deed, yet the title to the respective Negroes may be very different. I think that the defect of title in Sally Kershaw to this Negro Jacob should have been set forth. Besides, in the replevin brought by her against Vaughan it appears that a verdict was given for the plaintiff, "subject to the opinion of the Court on demurrer filed with *narratio.*" This, I suppose, was a demurrer to evidence; and it is very possible there might have been a deficiency of testimony, so that the plaintiff in that suit could not recover, and yet the title to the Negroes in Sally Kershaw be good both at law and in equity. That demurrer did not accompany the papers transmitted to me; and I can only say that from the view of the case given me in the bill, the replevin of Sally Kershaw against Vaughan, by itself, is not a sufficient ground to suppose that she could not convey a good title to Mariner in this Negro Jacob. The omission to include Jacob in the inventory and appraisement of Mitchell Kershaw's goods and chattels, connected with other facts showing a want of title, might create or add to a presumption against it; but by itself, without any explanation or allegation, I can make nothing out of it.

The only grounds in this bill are the judgment in favour of Vaughan, without showing the demurrer and how this judgment was obtained; and the omission to include Jacob in the inventory, without assigning any reason for this omission.

In the bill it is not alleged that Sally Kershaw could not convey a title. If the complainant cannot venture on his oath to state this want of consideration, and to show [how] this want of title happens, I certainly cannot presume it because in a former suit a judgment was rendered for Vaughan for some other of the Negroes mentioned in the deed of manumission.

I am, Sir, your most obedient servant.

*Nicholas Ridgely.*